JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBA HILL,<br>Plaintiff,<br><br>v.<br><br>JAMES T. HILL,<br>Defendant. | CASE NO: SACV 07-823 JVS(MLGx)<br><br>JUDGMENT AND ORDER RE RENEWED MOTION FOR DEFAULT JUDGMENT |

Plaintiff Luba Hill ("Hill") seeks a default judgment against defendant James T. Hill under Federal Rule of Civil Procedure 55(b)(2). Mr. Hill has not submitted an opposition to the application.

I. Background

Hill alleges, among other things, that Mr. Hill stopped paying her alimony, child support, and one half of his net bonuses per the terms of their divorce decree.

(Compl. at 1.) Hill asserts tort claims for, among other things, fraud, theft, and intentional infliction of emotional distress in connection with Mr. Hill's alleged actions. (Id. at 2.)

The Clerk of Court entered a default against Mr. Hill on November 13, 2008. (Docket No. 21.) On December 12, 2008, the Court denied default judgment, without prejudice, on the grounds that Hill did not file a declaration pursuant to Local Rule 55-1 and did not make her evidentiary showing as to relief. (Docket No. 22.)

Presently before the Court is Hill's renewed motion for a default judgment against Mr. Hill in the amount of $10 million. (Mot. at 20.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 55(a), the entry of a default judgment is appropriate when a party fails to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Granting a motion for default judgment is within the discretion of the Court. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). The Court, however, will consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel, 782 F.2d at 1471-72.

On an application for a default judgment, the factual allegations in the

complaint are taken as true, with the exception of those related to damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

## III. Discussion

### A. Jurisdiction

The Court first affirms its proper jurisdiction over the parties and the subject matter at issue in this case.

Hill, a New York citizen, brings suit against Mr. Hill, a California citizen, for damages in excess of $75,000. (Compl. at 1-2.) Hill thus invokes this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Hill's failure to expressly state diversity jurisdiction, or specifically cite § 1332, is excusable given her pro se status. The Court has personal jurisdiction over Mr. Hill because he allegedly resides in Orange County, and was served with process by certified mail at his residence (and place of business). (Id., Cert. of Service.)

The Court is also mindful of the so-called "domestic relations" exception on federal jurisdiction. In Marshall v. Marshall, 547 U.S. 293 (2006), the Supreme Court expressed the view, in dicta, that this exception should be construed narrowly, reaffirming that federal courts "'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" Id. at 298 (quoting Cohens v. Virginia, 19 U.S. 264 (6 Wheat. 1821)). The Court had previously reined in on the "domestic relations" exception in Ankenbrandt v. Richards, 504 U.S. 689 (1992), finding that the district court had improperly refrained from exercising jurisdiction over the plaintiff's tort claim arising out of a

domestic relations dispute. While recognizing state tribunals' "special proficiency" in handling issues arising in the granting of divorce, alimony, and child custody decrees, the Court viewed federal courts as equally equipped to deal with complaints alleging torts. Id. at 704.

Accordingly, because this Court is not asked to issue a divorce, alimony, or child custody decree, but merely requested to decide whether Mr. Hill has engaged in tortious conduct arising out of decrees issued by the Connecticut state courts, this action does not fall within the "domestic relations" exception to federal jurisdiction.

The Court has diversity jurisdiction to enter a default judgment against Mr. Hill.

B. Local Rule 55-1

The Court next notes that Hill has now complied with the required elements for the entry of a default judgment under Local Rule 55-1, which provides:

> When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with Fed. R. Civ. P. 55(b)(1) and/or (2) and include the following:
>
> (a) When and against what party the default was entered;
>
> (b) The identification of the pleading to which default was entered;
>
> (c) Whether the defaulting party is an infant or incompetent person,

and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply; and

(e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

L.R. 55-1 (emphasis supplied).[1] Hill provides a sworn declaration attesting to each of these elements. (Hill Decl. ¶¶ 7-10; see also Supp'l Hill Decl. ¶ 9.)

C. Liability

The Court next examines the issue of liability in this action. In her complaint, Hill alleges that Mr. Hill has stopped paying her alimony and child support, has failed to pay her 50% of his net bonuses, has never sent her "verification of any bonuses after it is paid to him by his employer," has refused to file a "voluntary wage withholding" with his employer, has lied about his net income, has not carried a $75,000 life insurance policy for her or their four children, and has never filed "a copy of his federal income tax return by May 1st of each year" – presumably all in violation of their divorce decree. (Compl. 1-2.) The Court takes these factual allegations as true, and finds Mr. Hill liable in tort on these claims.

---

[1] The Local Rules can be found on the Court's website, http://www.cacd.uscourts.gov/CACD/LocRules.nsf/Local+Rules?OpenView.

D. Relief

The Court now turns to Hill's request for relief. Hill seeks a $10 million judgment against Mr. Hill for, among other things, fraud, theft, and intentional infliction of emotional distress. These claims sound in tort, and, therefore, the Court considers whether tort damages – actual, nominal, or punitive – are warranted based on the evidence.

In contrast to liability, the Court does not take Hill's factual allegations for damages as true. Instead, Hill must make an evidentiary showing that she has suffered damages of $10 million, or another sum. Hill attempts to make this evidentiary showing by including exhibits with her application to document the alleged "physical, medical, mental, emotional, and financial harm" she has suffered on account of Mr. Hill's actions. (Compl. at 3.) The exhibits include court petitions and depositions (Mot., Exs. N, S-U, W, V2), a number of court orders (id., Exs. I, X, VII), and various checks and handwritten notes (id., Exs. C1, C2, K, I) to establish that Mr. Hill has tortiously failed to comply with divorce-related orders over the course of seventeen years since their divorce in March 1992.

At the Court's request, Hill made a supplemental evidentiary showing on July 31, 2009. (Docket No. 27.) She submits additional testimonial and documentary evidence and, most importantly, enumerates fourteen specific claims for damages. She offers a sworn declaration as to the veracity of these representations. (Supp'l Hill Decl. ¶ 6, List of Damages.)

1. Actual Damages.

With this background, the Court takes up the issue of actual damages first.

These damages are designed to compensate Hill for harm, including pain and suffering, that she has suffered on account of Mr. Hill's actions. In addition to pain and suffering, Hill may be compensated for unpaid alimony, child support, half of net bonuses, and the children's medical bills. At a minimum, she has a claim that Mr. Hill converted these missed payments, to which she was rightfully entitled under their divorce decree.

There is now a sufficient record for the Court to make a more intelligent award of relief. Although the record remains uneven and incomplete, Hill is entitled to damages on a number of the fourteen grounds enumerated in her supplement. The Court considers each ground in turn.

First, Hill seeks to recover $300 per week in unpaid alimony from July 2001 to July 2009. She submits a divorce decree, dated June 7, 1995, which sets alimony at $300 per week. (Supp'l Hill Decl., Ex. D, at 4.) She represents that Mr. Hill has not paid alimony since July 2001. (Id., List of Damages ¶ 1.) She then submits a spreadsheet calculating her damages at $202,127.03, assuming a modest 3% interest rate. (Id., Ex. W.) Accordingly, the Court awards Hill $202,127.03 in unpaid alimony over eight years.

Second, Hill seeks $430 per week in unpaid child support over the same period. The divorce decree sets child support at $430 per week. (Id., Ex. D, at 4.) Mr. Hill has not paid child support since July 2001. (Id., List of Damages ¶ 2.) Assuming 3% interest, damages are $289,715. (Id., Ex. O2.) Hill also represents that her husband owes an additional $983 in unpaid child support. (Id., List of Damages ¶ 2, Ex. O1.) Accordingly, the Court awards $290,698.

Third, Hill seeks 50% of net bonuses received in 1995 to the present for a

total of $2.1 million, representing $150,000 a year over fourteen years. (Id., List of Damages ¶ 3.) But there is little, if any, evidence to support such an award. There is nothing in the record to suggest that Mr. Hill made $300,000 in bonuses every year. The most competent evidence suggests that he made somewhere in the order of $50,000 a year end in 1994. (Hill Decl., Ex. XX.) Because it can ascertain neither the receipt nor the amount of any bonuses that Mr. Hill may have earned after 1994, the Court declines to award damages for unpaid bonuses.

Fourth, Hill herself concedes that she has no information about bonuses. (Supp'l Hill Decl., List of Damages ¶ 4.)

Fifth, Hill concedes that she has no information about tax returns. (Id., List of Damages ¶ 5.)

Sixth, Hill concedes that she has no information about wage withholding. (Id., List of Damages ¶ 6.)

Seventh, Hill seeks $1 million in damages for Mr. Hill's failure to carry $750,000 in life insurance for her benefit. (Id., List of Damages ¶ 7.)[2] This is a clear violation of the divorce decree. (Id., Ex. D, at 5.) But Hill has not been injured in this respect because, as she admits, "[Mr. Hill] is alive and [she] has spoken to him many times in the last year." (Id. ¶ 11.) Accordingly, the Court declines to award these damages.

---

[2] Hill misnumbers the paragraphs in her supplemental declaration at this point. The Court cites the proper paragraph number, rather than the erroneous number reflected in the declaration.

Eighth, the Court similarly declines to award damages for Mr. Hill's failure to carry $750,000 in life insurance for their children.

Ninth, Hill seeks unpaid interest on $31,520 held from 1997 through 2008. She submits an untitled table calculating damages of $67,403 at 10% interest. (Id., Ex. N.) There is no explanation of this sum and, therefore, the Court declines to award it.

Tenth, Hill seeks prospective relief for the next eight years. (Id., List of Damages ¶ 10.) Such relief is improper and will not be granted. Prospective liability arises only if and when Mr. Hill fails to honor his obligations in the future.

Hill's eleventh through thirteenth requests are denied insofar as she is recovering child support above, which is for the maintenance of the children. She cannot double recover for general expenses related to her children.

However, the Court grants Hill's fourteenth request for $100,000 in medical bills for her children since 1992. The divorce decree held that "the husband shall be responsible for the reasonable necessary medical expenses of the children not covered by the insurance." (Id., Ex. C, at 14.) Given Hill's representation that Mr. Hill owes her $100,000 in such expenses (id., List of Damages ¶ 14), and documentary evidence of unpaid medical bills (Hill Decl., Ex. XIV), the Court awards Hill the requested damages.

The remainder of Hill's requests are supported by only a weak, piecemeal evidentiary showing. The record reflects that alimony and child support was altered a number of occasions in 1990s (id., Exs. I, X, VII), and there is evidence that D has intermittently made these payments during those years (id., Exs. K, V2,

I.) The most recent court order, dated December 1996, provides that Mr. Hill was in arrears in the amount of $47,210, which was subject to a credit of $29,015.36 for subsequent payments and withholdings, for a total of $18,194.64. (Id., Ex. VII.) These subsequent payments and withholdings are conspicuously absent from Hill's damages calculations in her application. (Id. at 8, 9, 22; see also id., Exs. O, Y, Z.) Even her own showing includes evidence of subsequent payments and withholdings (id., Exs. K, V2, I), including those issued after the December 1996 court order (id., Ex. K).

The Court agrees, however, that the alleged tortious conduct – taking the factual allegations in the complaint as true – is borne out by the evidence and likely caused Hill significant pain and suffering. Hill submits evidence that, as a result of Mr. Hill's tortious conduct, she and her four children were at various times homeless (id., Exs. VIII, IX) and forced to live off of food stamps (id., Exs. M, K). Accordingly, the Court awards Hill $100,000 in pain and suffering.

2. Nominal and Punitive Damages

Although nominal damages are not necessary to vindicate Hill's rights, the Court agrees that punitive damages are warranted based on the factual allegations, taken as true, that Mr. Hill has consistently failed to comply with court orders mandating maintenance payments.

In light of the evidence that Mr. Hill is a man of significant financial means (id., Exs. G, N, O1, O2, XX, XXI, XXII), the Court awards $1,385,650.06 in punitive damages against him, which equals twice the compensatory damages awarded . Although the Court may award a larger sum, the Court finds that this amount is reasonable to properly serve the retributive and deterrent function of

punitive damages.

As a final matter, the Court notes that the Eitel factors support a default judgment in this case. There is no significant prejudice to Mr. Hill, who had ample opportunity to participate in this litigation but failed to do so. Assuming the veracity of Hill's substantive claims, her case has merit. The complaint is also sufficient insofar as it sets forth the basis for her claims against Mr. Hill. The sum of money here is relatively modest given Mr. Hill's significant financial means, and the long extent to which he was violated the couple's divorce decree to Hill's detriment. The possibility of a dispute concerning material facts also does not weigh heavily in Mr. Hill's factor, and there is nothing to suggest excusable neglect on his part. Accordingly, under these circumstances, the policy favoring decisions on the merits must give way to a default judgment against Mr. Hill.

## IV. Conclusion

The Court grants the application and enters default judgment against Mr. Hill in the total amount of $2,078,475.09, as follows:

1. Actual damages in the amount of $692,825.03, including:

   (a) $202,127.03 in unpaid alimony;

   (b) $290,698 in unpaid child support;

   (c) $100,000 in unpaid medical bills for her children; and

   (d) $100,000 in pain and suffering.

2. Punitive damages in the amount of $1,385,650.06.

LET JUDGMENT BE ENTERED IN FAVOR OR LUBA HILL AND AGAINST JAMES T. HILL IN THE AMOUNT OF $2,078,475.09. HILL IS ENTITLED TO HER COSTS OF SUIT IN THE AMOUNT OF $__________________.

DATED: September 28, 2009

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE